The document below is hereby signed.

Signed: September 30, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 19-00554 |
| PAPARDELLE 1068, INC., | ) | (Chapter 11) |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION AND ORDER RE MOTION TO
RECONSIDER ORDER DENYING APPLICATION TO EMPLOY COUNSEL

On August 16, 2019, the debtor commenced this case, and on August 19, 2019, the debtor filed an application under Fed. R. Bankr. P. 2014(a) to employ Steven H. Greenfeld and Cohen Baldinger & Greenfeld, LLC as counsel to represent it as a debtor in possession.  On September 9, 2019, the court denied that application because the application did not disclose certain connections of the attorneys, including connections to the owners of the debtor and to other entities owned by those owners such as Rotini, Inc., connections that ought to have been disclosed as required by Rule 2014(a).  The court's order noted that the court "does not address whether it would grant or deny a new application disclosing all connections of the law firm with the debtor."

On September 13, 2019, the debtor filed a motion for reconsideration. The motion includes a verified statement of Greenfeld which the motion represents discloses relevant connections as required by Rule 2014(a). The verified statement reflects the attorneys' prior representation of Rotini, Inc. The District of Columbia has opposed the motion for reconsideration, pointing to both the connections not disclosed in the original application to employ and the failure of the attorneys to disclose that they hold an unsecured claim against Rotini, Inc.

I

The failure to make required disclosures of connections in the application filed on August 19, 2019, warrants not granting that application. The connections ought to have been uncovered by a diligent investigation and ought to have been disclosed even if they could be viewed as having occurred quite some time prior to this case. There was no error in the court's decision to deny the application, and reconsideration of the ruling on the application filed on August 19, 2019, is not warranted.

II

However, the motion for reconsideration is in effect a new application to employ counsel, making disclosure of connections as required by Fed. R. Bankr. P. 2014(a). I deem it appropriate to treat the motion for reconsideration as a new application. Treated as a new application, it satisfies me that the debtor has

complied with Rule 2014(a) in disclosing required connections and that there are no disqualifying connections warranting denying the employment of counsel.

Upon Greenfeld disclosing that the attorneys had previously represented Rotini, Inc., it was not necessary under Rule 2014(a) for the debtor to further disclose that the attorneys hold an unsecured claim against Rotini, Inc. for that previous representation.  Rotini, Inc. is not the debtor in this case.  In Rotini, Inc.'s last bankruptcy case, the Chapter 7 trustee sold Rotini, Inc.'s meaningful assets to Papardelle 1068, Inc.  That sale was made subject to liens but the attorneys held no lien against Rotini, Inc.  Accordingly, the attorneys do not hold any claim against the transferred assets or against the debtor, Papardelle 1068, Inc.  Even though Papardelle 1068, Inc. operates the same restaurant that Rotini, Inc. operated, and even though the owners of Rotini, Inc. became the owners of Papardelle 1068, Inc. sometime after the sale of assets of Rotini, Inc. to Papardelle 1068, Inc., that does not make Papardelle 1068, Inc. liable for the debt Rotini, Inc. owed to the attorneys.

The District of Columbia notes that the owners ran up huge sales tax debts in operating the restaurant when it was owned by Rotini, Inc.  That may reflect on their ability successfully to reorganize the affairs of Papardelle, Inc., but it is not a reason to deny the employment of the attorneys who have now made

the disclosures of connections required by Fed. R. Bankr. P. 2014(a) and whose disclosed connections do not show a reason to deny their employment.

In short, the attorneys' prior representation of Rotini, Inc. and their failure to disclose their claim against Rotini, Inc. do not warrant denying their employment in this case. The court will thus authorize the employment of the attorneys as counsel for the debtor in possession. However, I do not decide whether to make the order authorizing the employment effective as of an earlier date, and leave that issue for determination when the attorneys seek compensation. Creditors will remain free, for example, to object to any application for compensation for services rendered prior to the attorneys first disclosing on September 13, 2019, all of the relevant connections under Rule 2014(a).

### III

In accordance with the foregoing, it is

ORDERED that the motion for reconsideration is denied to the extent it requests the court to vacate the order denying the application of employment filed on August 19, 2019. It is further

ORDERED that treating the motion for reconsideration as a new application to employ the attorneys, the new application is granted and the debtor is authorized to employ Steven H.

Greenfeld and Cohen Baldinger & Greenfeld, LLC as attorneys to represent it as a debtor in possession.

[Signed and dated above.]

Copies to: E-recipients.