The document below is hereby signed.

Signed: October 13, 2020



*S. Martin Teel, Jr.*
*United States Bankruptcy Judge*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAPARDELLE 1068, INC., | ) | Case No. 19-00554 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION
TO RECONSIDER ORDER DISMISSING CASE WITH PREJUDICE

On July 23, 2020, the court entered an *Order Dismissing Case with Prejudice for 180 Days* (Dkt. No. 166). On August 3, 2020, the debtor filed a *Motion for Reconsideration of Order Dismissing Case with Prejudice, or in the Alternative for a New Trial* (Dkt. No. 169). The District of Columbia (Dkt. No. 173), the United States Trustee (Dkt. No. 174), and the United States on behalf of its Internal Revenue Service ("IRS") (Dkt. No. 175) have filed oppositions to the *Motion*.

The debtor filed its *Motion for Reconsideration* within 14 days after entry of the court's Order Dismissing Case with Prejudice for 180 Days. Accordingly, the *Motion for Reconsideration* will be considered under Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023. In any event, whether

treated as pursued under Rule 59 or under Fed. R. Civ. P. 60(b) (made applicable by Fed. R. Bankr. P. 9024), the *Motion for Reconsideration* must be denied.

I

DISMISSAL BASED ON FAILURE TO
FILE TIMELY MONTHLY OPERATING REPORTS

Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

Prior to the hearing that led to dismissal of the case, the court issued an *Order Setting Bifurcated Trial On Pending Motions to Dismiss or Convert Case* on June 17, 2020, regarding the issues to be tried on July 10, 2020, and limiting those issues to:

- the debtor's failure to pay postpetition taxes, including (but not limited to) those detailed in the District of Columbia's objection to the debtor's second amended disclosure statement as a ground for dismissal under 11 U.S.C. § 1112(b)(4)(I);

- the failure to file monthly operating reports as a ground for dismissal under 11 U.S.C. § 1112(b)(4)(F) and (H);

- the debtor's lack of profitability allegedly establishing that under 11 U.S.C. § 1112(b)(4)(A) the case ought to be dismissed or converted for substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and the issue of lack of profitability will include Mr. Kowkabi's failure to operate profitably the same restaurant location in prior cases and his failure to pay taxes in prior cases as evidence of an inability to operate profitably; and

- the issue of any bad faith presented by Mr. Kowkabi's conduct in failing to pay taxes in this and prior operations he managed.

A. THE FAILURE TIMELY TO FILE MONTHLY OPERATING REPORTS WAS CAUSE FOR DISMISSAL

At the hearing held on July 10, 2020, I concluded that dismissal or conversion of the case was warranted, and I based that in part on the debtor's failure timely to file monthly operating reports. The *Motion for Reconsideration* fails to address the issue of dismissal based on failure timely to file monthly operating reports.

In this district, a Chapter 11 debtor is required to file a

3

monthly operating report for each month by the 20th of the next month.[1]  The debtor has not disputed that the debtor's monthly operating reports were filed late.  The monthly operating report for the partial month of August 2019 was filed 42 days late, and the monthly operating reports for the months of September 2019 and through May 2020, were filed, respectively, these many days late: 50, 50, 46, 15, 74, 48, 73, 43, and 16.[2]  At the hearing of

---

[1]  See the United States Trustee for Region 4's *Operating Guidelines and Reporting Requirements for Chapter 11 Cases*, a document found at:

   https://www.justice.gov/ust-regions-r04/file/ch11_guidelines_alex_dc.pdf/download

[2]  The first report was due September 20, 2019, and filed on November 1, 2019 (42 days late).

The report for **September 2019** was due Monday, October 21, 21019, and filed on December 10, 2019 (50 days late).

The report for **October 2019** was due November 20, 2019, and was filed on January 9, 2020 (50 days late) (mis-docketed at Dkt. No. 72 as a monthly operating report for November 2019) and then an amended version was filed on January 31, 2019 (mis-docketed at Dkt. No. 79 as an amended report for November 2019).

The report for **November 2019** was due December 20, 2020, and was filed on February 4, 2020 (46 days late).

The report for **December 2019** was due January 20, 2020, and was filed on February 4, 2020 (15 days late) (mis-docketed as a report for November 2019).

The report for **January 2020** was due February 20, 2020, and was filed on May 4, 2020 (74 days late).

The report for **February 2020** was due March 20, 2020, and was filed on May 7, 2020 (48 days late).

The report for **March 2020** was due April 20, 2020, and was filed on July 2, 2020 (73 days late).

The report for **April 2020** was due May 20, 2020, and was filed on July 2, 2020 (43 days late).

The report for **May 2020** was due Monday, June 22, 2020, and was filed on July 8, 2020 (16 days late).

July 10, 2020, I observed: "I don't think the Debtor disputes that it hasn't timely filed Monthly Operating Reports on a consistent basis, and given the past track record of Mr. Kowkabi [the debtor's principal] in prior cases, there's a great concern." Tr. at 163. Even though the debtor had brought its monthly operating reports current by the hearing of July 10, 2020, I noted that the debtor needed to show a "reasonable justification" for failing to file the monthly operating reports in a timely fashion, and I observed that "I don't think the Debtor has attempted to put on evidence in that regard." Tr. at 166. I specifically found that "the monthly operating reports themselves were not timely filed in each instance, and the Debtor hasn't put on any evidence to show that there's a reasonable justification for that" (Tr. at 168) and said that dismissal or conversion "may be a fair outcome in this case because . . . the Debtor's management has such a poor track record in prior cases [operating other corporations]. It should have known that if it was going to proceed in this case it needed to fly straight in a meticulous way to assure that it would not be subject to dismissal or conversion." Tr. at 168.

Under 11 U.S.C. § 1112(b)(4)(F) and (H),[3] the serious failure here timely to file monthly operating reports was cause for dismissal or conversion.  *See In re Aurora Memory Care, LLC*, 589 B.R. 631, 638-39 (Bankr. N.D. Ill. 2018); *In re McKenna*, 580 B.R. 1, 13-14 (Bankr. D.R.I. 2017); *In re Four Wells Ltd.*, No. 15-8020, 2016 WL 1445393, at *10 (B.A.P. 6th Cir. Apr. 12, 2016); *In re Rondaxe Properties, LLC*, No. 15-20222, 2015 WL 6956521, at *2 (Bankr. W.D.N.Y. June 30, 2015); *In re GEL, LLC*, 495 B.R. 240, 245 (Bankr. E.D.N.Y. 2012) *In re Whetten*, 473 B.R. 380, 382 (Bankr. D. Colo. 2012); *In re Tucker*, 411 B.R. 530, 532 (Bankr. S.D. Ga. 2009).  The debtor's *Motion for Reconsideration* does not challenge my finding and conclusion that the failure to timely file monthly operating reports was cause for dismissal or conversion, and I adhere to that finding and conclusion.

Moreover, the debtor's conduct after the hearing of July 10, 2020, only strengthens that finding and conclusion.  After the hearing of July 10, 2020, I issued an order requiring the parties to file memoranda addressing the question of whether the case should be converted to Chapter 7 instead of being dismissed, and

---

[3] Section 1112(b)(4)(F) lists as an enumerated "cause" for dismissal or conversion the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."  Section 1112(b)(4)(H) lists as an enumerated "cause" for dismissal or conversion the "failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any)."

6

I held a hearing on July 22, 2020, to address that issue. As of that hearing, the monthly operating report for June 2020 had not been filed and was delinquent. It remains unfiled. Without a monthly operating report having been filed, nothing is on file reflecting, for example, whether in June 2020 the debtor made a monthly deposit for Form 941 taxes (Social Security and Medicare).[4] The debtor has similarly not filed a monthly operating report for July 2020. A tax payment of $21,000 was due to the District of Columbia by July 20, 2020. Tr. for hearing of July 10, 2020, at 127. A monthly operating report for July 2020 (through July 23, 2020, the date of the dismissal of the case) would reflect whether that payment was made.

### B. THE DEBTOR FAILED TO SHOW REASONABLE JUSTIFICATION FOR THE FAILURE TO TIMELY FILE MONTHLY OPERATING REPORTS, AND THUS DISMISSAL OR CONVERSION WAS MANDATED

Once cause for dismissal or conversion was established under § 1112(b)(4)(F) and (H), the court was required under 11 U.S.C. § 1112(b)(1) to dismiss or convert the case, unless the exception set forth in 11 U.S.C. § 1112(b)(2) applied or the court determined that the best interest of creditors and the estate was to appoint a Chapter 11 trustee or an examiner. Neither the debtor nor creditors suggested that a Chapter 11 trustee or an

---

[4] Under 26 C.F.R. § 31.6302-1(a), a taxpayer is required to make deposits of Form 941 taxes at least monthly. Under § 31.6302-1(c)(1), each monthly deposit must be made by the 15th of the following month.

7

examiner be appointed, and the evidence did not support appointing a Chapter 11 trustee or an examiner as being in the best interest of creditors and the estate.

To find that the exception in § 1112(b)(2) applies to dismissal or conversion required under § 1112(b)(1), a court must make several determinations.  Under § 1112(b)(2)(B)(i), one of those required determinations here was a determination that the failure timely to file monthly operating reports was an act or omission "for which there exists a reasonable justification for the act or omission."  The debtor failed to present any evidence establishing a reasonable justification for not timely filing its monthly operating reports.  The evidence failed to establish a reasonable justification for the debtor's not timely filing its monthly operating reports.  Accordingly, dismissal or conversion was required.

II

ANY ERROR REGARDING WHETHER TAXES WERE PAID UNTIMELY
DOES NOT PROVIDE A BASIS TO VACATE THE DISMISSAL ORDER

The debtor's *Motion for Reconsideration* challenges my reliance on my observation in my oral decision of July 10, 2020, that the monthly operating report for January 2020 did not show a deposit was made in that month for Form 941 taxes (Social Security and Medicare taxes), and thus showed that taxes were not being paid timely.  The debtor has presented an affidavit showing that no deposit was owed in January 2020 due to an overpayment in

a prior month.  It argues that relief from the order of dismissal is warranted based on excusable neglect because the pandemic resulted in the debtor's attorney not being with the debtor's principal during the trial of July 10, 2020, and that this led to the failure to address at the hearing that there was an explanation for tax payments to the IRS not appearing on the monthly operating report for January 2020.[5]

Even if the debtor timely paid taxes, that would not alter my findings that cause for dismissal or conversion existed based on the debtor's failure timely to file monthly operating reports, and that there was not a "reasonable justification" for that failure.  Accordingly, even if the debtor can show that the debtor was timely in paying taxes, that does not provide a basis for setting aside the dismissal order.

---

[5]  Even if the debtor's failure at the hearing of July 10, 2020, to address the issue regarding the absence of a deposit of 941 taxes in January 2020 was excusable, the debtor could have addressed the issue at the later hearing of July 22, 2020, and asked at that hearing to reopen the record prior to the issuance of the order dismissing the case.  However, if the court's decision had been based *solely* on an erroneous conclusion that the debtor had not made a timely deposit of Form 941 taxes in January 2020, I might conclude that the dismissal order should be set aside.  The issue of timeliness was brought up by the court based on the monthly operating reports (and in particular the monthly operating report for January 2020) after the parties had rested in presenting evidence.  Any decision on whether there was a failure timely to pay taxes, if required to dispose of the *Motion for Reconsideration*, might require reopening the record.

III

DISMISSAL WITH PREJUDICE WAS APPROPRIATE

The *Motion for Reconsideration* seeks to set aside making the dismissal one with prejudice for 180 days. As I noted in the *Memorandum Decision and Order Supplementing Oral Decision Regarding Dismissing Case,* entered on July 16, 2020 (Dkt. No. 160), at 3-4:

> If the case is dismissed, the case ought to be dismissed with prejudice for 180 days. Papardelle's management in this case also managed the operations of Rotini in three prior cases of Rotini. In its three cases, Rotini operated the restaurant now operated by Papardelle. In Papardelle's case and in Rotini's cases, that management failed to properly carry out debtor in possession obligations with respect to the conduct of the cases. Moreover, the IRS and the District of Columbia have each been stayed for months from seizing for a tax levy sale various property of Papardelle that is subject to tax liens for Rotini's tax debts. Either the case should be converted to Chapter 7 or the case should be dismissed with prejudice for 180 days so that the IRS and D.C. can exercise their collection rights under nonbankruptcy law without Papardelle being allowed to file a new case during that 180-day period that results in an automatic stay of such efforts.

The debtor was given the opportunity to convert the case to Chapter 7 but declined to have the case converted to Chapter 7. Prior to the commencement of this case, the debtor acquired various property that had belonged to Rotini, Inc. (such as furniture and kitchen equipment). The property was sold, subject to the tax liens, on August 10, 2018, in Rotini, Inc.'s third bankruptcy case. Since this case began on August 16, 2019, more than a year ago, the District and the IRS have been stayed

10

from enforcing their liens against that property.  The debtor has not presented a persuasive ground for making the dismissal without prejudice, which would entitle the debtor to commence a new case and once again obtain an automatic stay of enforcement of the tax liens.  The debtor had an opportunity in this case to show that it could comply with the obligations of a debtor in possession in moving towards confirmation of a Chapter 11 plan.  Here, the debtor's management seriously failed to file timely monthly operating reports.  It is time to let the District and the IRS enforce their liens without the prospect of the debtor resorting to bankruptcy to stay lien enforcement efforts once again.  While the court found no bad faith on the part of the debtor in pursuing the current case, neither the points recited in the *Motion for Reconsideration* nor the evidence and arguments presented at the hearings held on July 10, 2020, and on July 22, 2020, showed that in a new case the debtor would be likely to comply with its obligations as a debtor in possession.

IV

Based on the foregoing, it is

ORDERED that the debtor's *Motion for Reconsideration* of *Order Dismissing Case with Prejudice, or in the Alternative for a New Trial* (Dkt. No. 169) is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.