The document below is hereby signed.

Signed: July 16, 2020



*S. Martin Teel, Jr.*
*United States Bankruptcy Judge*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 19-00554 |
| PAPARDELLE 1068, INC., | ) | (Chapter 11) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
<u>SUPPLEMENTING ORAL DECISION REGARDING DISMISSING CASE</u>

At the conclusion of the hearing on Friday, July 10, 2020, I decided in an oral decision to dismiss this case pursuant to the District of Columbia's *Motion to Dismiss Papardelle 1068 Inc.'s Chapter 11 Proceeding With Prejudice* (Dkt. No. 16) and the IRS's *Motion to Convert or Dismiss* (Dkt. No. 94). However, there were two loose ends that were not fully addressed at the hearing, and that bear on whether the case ought to be converted to Chapter 7 instead of being dismissed.

*Retention of Jurisdiction Over Adversary Proceeding.* The debtor, Papardelle 1068, Inc. ("Papardelle"), did not oppose dismissal of the case if the court retained jurisdiction over the pending adversary proceeding against the IRS and D.C. (*Papardelle 1068 Inc. v. Internal Revenue Service, et al.*, Adversary

Proceeding No. 19-10035). In that adversary proceeding, Papardelle seeks a determination under 11 U.S.C. § 506(a) of the extent and priority of the allowed secured claims of those creditors in the bankruptcy case based on tax liens on assets formerly owned by Rotini, Inc. ("Rotini") (for Rotini's tax debts) that were later acquired by Papardelle. Some of Papardelle's assets may not be assets formerly owned by Rotini, and hence not subject to the tax liens for Rotini's tax debts.

At the hearing of July 10, 2020, I noted that dismissal of Papardelle's bankruptcy case would not itself end subject matter jurisdiction over the adversary proceeding but that a party could raise issues regarding whether the court in its discretion ought not retain jurisdiction over the adversary proceeding in light of the dismissal. Since the hearing, I have issued an order in the adversary proceeding requiring the parties to show cause why the adversary proceeding ought not be dismissed as being moot upon a dismissal of the bankruptcy case.

If the case is converted to Chapter 7 in lieu of dismissal and if the Chapter 7 trustee is allowed to sell whatever assets *are* subject to the tax liens for Rotini's tax debts towards satisfaction of those liens, the IRS and D.C. will likely agree who between them is entitled to the proceeds of any such sale. However, a trustee's sale of assets towards satisfaction of those lien claims would necessarily be limited to assets that are

subject to those liens for Rotini's tax debts. At the hearing, Papardelle expressed a desire for a determination of what assets *are* subject to those liens for Rotini's tax debts, and thus expressed a desire for the court to retain jurisdiction over the pending adversary proceeding. A Chapter 7 case would entail a determination of that issue if the trustee sells encumbered assets free and clear of those liens, and in that way the issue the debtor sought to address in the adversary proceeding might be adjudicated.[1]

In agreeing to a dismissal if the court retained jurisdiction over the adversary proceeding, Papardelle was not given the opportunity to address whether it would agree to a dismissal if there were a possibility that the court might later determine that it ought not retain jurisdiction over the adversary proceeding. In light of that possibility, Papardelle ought to be given the opportunity now to voice its view as to whether the case should be converted to Chapter 7 instead.

*Dismissal of Case Would be With Prejudice.* At the hearing of July 10, 2020, I did not address the request in the District of Columbia's motion to dismiss the case with prejudice.

---

[1] Even if this case is converted to Chapter 7, there does not appear to be any need under 11 U.S.C. § 506(a) to value the assets that are subject to the liens of the IRS and D.C. for Rotini's tax debts unless, in a sale free and clear of liens, the trustee sells with such assets other assets that are not encumbered by those tax liens.

3

If the case is dismissed, the case ought to be dismissed with prejudice for 180 days.  Papardelle's management in this case also managed the operations of Rotini in three prior cases of Rotini.  In its three cases, Rotini operated the restaurant now operated by Papardelle.  In Papardelle's case and in Rotini's cases, that management failed to properly carry out debtor in possession obligations with respect to the conduct of the cases.  Moreover, the IRS and the District of Columbia have each been stayed for months from seizing for a tax levy sale various property of Papardelle that is subject to tax liens for Rotini's tax debts.  Either the case should be converted to Chapter 7 or the case should be dismissed with prejudice for 180 days so that the IRS and D.C. can exercise their collection rights under nonbankruptcy law without Papardelle being allowed to file a new case during that 180-day period that results in an automatic stay of such efforts.

Papardelle was not given the opportunity to address whether it would prefer that the case be converted to Chapter 7 instead of being dismissed with prejudice.  If the debtor requests that the case be converted to Chapter 7, it appears that the case ought to be converted to Chapter 7.  A debtor generally has a right under 11 U.S.C. § 1112(a) to have a Chapter 11 case converted to Chapter 7.  Nevertheless, the issue of dismissal or conversion was being addressed under 11 U.S.C. § 1112(b),

pursuant to which the test is what "is in the best interests of creditors and the estate." Even though that is the applicable test, if the debtor had obtained a conversion of the case to Chapter 7 prior to the hearing of July 10, 2020, it does not appear that the evidence at that hearing would have warranted dismissing the Chapter 7 case. Barring the case from continuing in Chapter 11 does not necessarily mean that the debtor ought not be allowed to elect to have the case continue in Chapter 7. There would be no apparent harm to creditors and the estate if the case were converted to Chapter 7 instead of being dismissed. Towards payment of the liens for Rotini's tax debts, a trustee might be able to sell Papardelle's furniture, fixtures, and equipment (which are encumbered by the liens for Rotini's tax debts), and might be able to assume and assign Papardelle's lease pursuant to which Papardelle occupies its restaurant premises (a lease which the IRS and D.C. contend is subject to the tax liens for Rotini's tax debts). An orderly sale by the trustee might produce higher proceeds than a tax levy sale.

Accordingly, I will give Papardelle an opportunity to file a motion to have the case converted to Chapter 7. Papardelle need not give notice of an opportunity to oppose such a motion. It is

ORDERED that if Papardelle has not filed a motion to convert the case by July 20, 2020, I will then dismiss the case with prejudice for 180 days. It is further

ORDERED that any other party of the view that the case ought to be dismissed instead of converted to Chapter 7 may file a memorandum by July 21, 2020, setting forth that party's arguments in favor of dismissal of the case instead of its conversion to Chapter 7.  It is further

ORDERED that a further hearing, if necessary, on whether to dismiss this case or to instead convert it to Chapter 7, will be held on July 22, 2020, at 10:30 a.m.

[Signed and dated above.]

Copies to: E-recipients; all entities on BNC mailing list.